November 21, 1910.

————o————

5063.

(Court of Appeal, Parish of Orleans).

## JOHN A. McNULTY vs. N. O. AND N. E. R. R. CO.

Where in an action in tort the proof upon the subject of the negligence charged is vague, uncertain and unsatisfactory and it appears that additional proof of a clear and positive character is easily available to the parties, a judgment of dismissal will be amended on appeal and changed to one of non-suit.

Appeal from the Civil District Court, Division "D."

Lyle Saxon, for plaintiff and appellant.

McCloskey & Benedict, H. H. Hall, for defendant and appellee.

GODCHAUX, J.—Plaintiff sues for the recovery of damages for injuries received by falling through a hole caused by the removal of the planking of a public wharf in the course of repairs that were being made thereto by the defendant railroad. From a judgment of dismissal, the plaintiff appeals, and as there is no substantial conflict in the testimony, the case presents simply a question of the sufficiency or insufficiency of evidence.

A portion or section only of the wharf was covered by a shed, and it was in the portion beyond the shed that the repairs were being made and the damage lay——a danger, the existence of which was unknown to plaintiff, who had just disembarked from an incoming vessel

on which he was employed as fireman, and who was proceeding along the wharf towards his home when he fell into the hole and suffered the injuries complained of.

Whilst it is satisfactorily shown that there was no barricade or warning light at the point where and at the moment when he fell, it is likewise indubitably proved that for a long time prior to the arrival of the vessel,, and within a few minutes of the accident, proper warning lights and barriers had been established and had by sufficient inspection been maintained.

It is further shown with certainty that the approximate time of arrival of the vessel, and the place of its berthing on arrival, were known in advance, and that in anticipation of and a short time prior to such arrival all the electric lights with which the wharf was provided were turned on.

It is demonstrated that these lights furnished sufficient illumination to make the wharf "as bright as day," but it is not satisfactorily shown that this degree of illumination extended, or any lights existed, beyond the shed or to the point where the accident occurred; and the record is rendered more unsatisfactory by the fact hat the location of each of the eighteen or more lights is not shown; and by the further fact that, from a blue print in the record, it would appear that instead of these lights being scattered along a straight line between the two parallel tracks of the defendant railroad which extended the length of the wharf and upon which tracks empty cars, into which the vessel's freight was to be unloaded, were so placed in proximity to the point where the hole existed on the river side of one of the tracks, as to perhaps cast a shadow upon the dangerous opening thus accounting for plaintiff's failure to seasonably detect and avoid it.

Then the record, with wholly unnecessary vagueness upon so essential a topic, accounts for the absence of the warning light and barrier at the time of the accident, by

an obscure statement to the effect that laborers in the employ, either of the ship or of the consignee overturned or destroyed them in making fast and tieing up the ship by means of the line from the ship to the mooring post extending across the point where the barrier and warning light were located—all of which appears to have preceded the accident but by a few moments and during the necessary or unnecessary absence of the watchman whose duty it appears to have been to see to it that the warning light and barrier were properly maintained in position.

But the record is either barren of proof or obscured with uncertainties upon the incidents most essential to a just determination of the issues; for it does not appear whether or not the location of the vessel's berth necessitated the use of that particular mooring post with the interferences consequent upon said use: nor whether or not the use of that particular mooring-post might from past experience or otherwise have been foreseen or anticipated by the defendant railroad; nor whether or not as a consequence of the arrival of the vessel the influx of laborers to discharge its freight and load the cars, the disembarkment of the ship's crew and passengers, and the presence of various other steamship and railroad employees on such occasion, did in fact produce such extensive traffic, commotion and excitement as to call for greater care on the part of the railroad in an effort to prevent the very catastrophe that occurred.

This barrenness and uncertainty existing in the record is all the more inexcusable, since clear and full proof on these subjects was available, and, in fact, could apparently have been elicited from the very witnesses who were heard. With the record in this shape before it, this Court is as unprepared to hold that the plaintiff has made out his case with the certainty required as it is to decree that defendant has been absolved from the charge of negligence in this transaction.

Under the circumstances it is more equitable to so amend the judgment appealed from that it will not necessarily preclude a second and perhaps more thorough investigation into the merits of the controversy.

It is accordingly ordered and decreed that the judgment appealed from be amended and charged to one of non-suit, the appellee to pay the cost of appeal and the appellant those of the lower court.

November 21, 1910.

Rehearing refused, December 19, 1910.